UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANYON MCCARROLL | CIVIL ACTION |
| VERSUS | NO: 10-1834 |
| BP AMERICA PRODUCTION CO. ET AL | SECTION: R(5) |

### ORDER

Plaintiff moves the Court to continue the October 17, 2011 trial in order to amend his complaint to add an additional party defendant.[1]  The Court issued a scheduling order on January 13, 2011 that required amendments to pleadings to be filed no later than February 14, 2011.[2]  Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  The Fifth Circuit has explicitly held that Rule 16(b)'s standard of good cause "governs amendments of pleadings after a scheduling order deadline has expired."  *S&W Enters., L.L.C. v. Southtrust*

---

[1]   R. Doc. 51.

[2]   R. Doc. 14.

*Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) therefore applies here in lieu of Rule 15(a)'s more lenient standard.  Under Rule 16(b), the Court must consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *Sw. Bell Tel. Co. V. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

The Court finds that plaintiff fails to demonstrate good cause under Rule 16(b).  Plaintiff filed his motion twelve days before the scheduled trial, and the day before the scheduled pretrial conference.  Moreover, plaintiff made no showing why the information necessary to pursue this claim could not have been discovered earlier.  Indeed, plaintiff's brother, one of his witnesses, testified that the company now sought to be sued could have been involved in operating the crane on the platform.  Further, the BP entities, the only defendants in this action, have filed a motion for summary judgment,[3] which the Court will grant.  Plaintiff can pursue his claims against the other party

---

[3]     R. Doc. 17.

2

in a separate action.  For the foregoing reasons, plaintiff's motion to amend his complaint and continue trial is DENIED.  The order granting BP's motion will be issued shortly.

New Orleans, Louisiana, this 6th day of October, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE