UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANYON MCCARROLL                          CIVIL ACTION

VERSUS                                    NO: 10-1834

BP AMERICA PRODUCTION CO. ET              SECTION: R(5)
AL.

**ORDER AND REASONS**

Defendants move for summary judgment on the issues of vicarious liability and custodial liability.[1]  Because the plaintiff has failed to establish control or supervision by BP, or BP's knowledge of any defect, the Court GRANTS defendants' motion.

I.    **BACKGROUND**

Plaintiff Danyon McCarroll alleges in his complaint that he was employed by Grand Isle Shipyard ("GIS"), Inc.[2]  At all relevant times, GIS worked as an independent contractor for BP.[3]

_____

[1]    R. Doc. 17.

[2]    R. Doc. 1.

[3]    R. Doc. 17.

On July 2, 2009,[4] McCarroll was performing rigging operations on the deck of the BP ATLANTIS platform on the Outer Continental Shelf.  During the rigging operation, the lines on a crane became jammed.[5]  McCarroll, on his own initiative, crossed the deck to obtain a piece of scaffolding.  He untangled the lines, and after he replaced the scaffolding, he slipped and fell on the deck while returning to his initial position.[6]  It is undisputed that it was raining during the rigging operation, and that the deck was wet with rainwater.

McCarroll asserts that he sustained "severe and disabling injuries" when he slipped and fell on the deck of the ATLANTIS.[7]  His complaint raises claims of negligence under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, and custodial liability based on state law.  The parties do not dispute that GIS worked as an independent contractor for BP.[8]  BP now moves for summary judgment, arguing that no exception applies

----

[4]    Defendants' motion for summary judgment marks the date of the accident as July 3, 2010.  The Court finds that because McCarroll instituted the action on June 25, 2010 (R. Doc. 1), the Court will credit the date in McCarroll's complaint.

[5]    R. Doc. 17, Def.'s Ex. B, at 13.

[6]    *Id.* at 18.

[7]    R. Doc. 1.

[8]    R. Doc. 17-1 at 4.

to the general rule that principals are not liable for the negligent acts of independent contractors.  BP further argues that it is not liable under a custodial liability theory because the defect was open and obvious.  McCarroll opposes the motion, and contends that questions of fact exist for both issues.

## II.  STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216

3

(5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the

4

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

## III. DISCUSSION

### A. Negligence

The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333, *et seq.*, applies to this dispute because plaintiff was injured on a fixed oil platform located on the Outer Continental Shelf, off the Louisiana coast.  The OCSLA directs the Court to apply the law of the state adjacent to the controversy to the extent not inconsistent with other federal laws and regulations.  *See* 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. and Sur. Co.*, 395 U.S. 352, 355 (1969).  The parties have not cited, and the Court has not found, any federal law that conflicts with the principles of Louisiana law that apply here.  Accordingly, the Court applies Louisiana law to this dispute.

Under Louisiana law, a principal generally is not liable for any negligent acts committed by its independent contractor in the course of performing its contractual duties.  *See Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987); *see also*

*Graham v. Amoco Oil Co.*, 21 F.3d 643, 645 (5th Cir. 1994).
Exceptions to this general rule exist in two circumstances.
First, a principal may be held liable when the independent
contractor engages in an ultrahazardous activity. *Graham*, 21
F.3d at 645 (citing *Bartholomew v. CNG Producing Co.*, 832 F.2d
326, 329 (5th Cir. 1987)).   McCarroll concedes that the
activities in which he was engaged at the time of the incident
were not ultrahazardous.[9]

Second, the principal may be held liable if "the principal
retains operational control over the independent contractor's
acts or expressly or impliedly authorizes those acts." *Graham*,
21 F.3d at 645 (citing *Bartholomew v. CNG Producing Co.*, 832 F.2d
326, 329 (5th Cir. 1987)).  The operational control inquiry
focuses primarily on whether and to what extent the right to
control the work has been contractually reserved by the
principal. *See Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th
Cir. 1997)(citations omitted); *Ainsworth*, 829 F.2d at 550.  Of
less significance is the actual control exercised by the
principal. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187,
193 (5th Cir. 1991)(citing *Ham v. Pennzoil Co.*, 869 F.2d 840, 842
(5th Cir. 1989)); *Ainsworth*, 829 F.2d at 550-51 (citing *Hemphill*

---

[9]     R. Doc. 22.

*v. State Farm Ins. Co.*, 472 So.2d 320 (La. App. 1985)).  Here, the Master Service Contract between BP and GIS states that GIS's relationship to BP is that of an independent contractor.[10]  It further states that "Company [BP] shall have no direction or control of the members of Contractor Group in the performance of the Work and is interested only in the results obtained."[11]  Although BP retains the right of "observation and inspection to secure satisfactory completion" of the work, this type of reservation, without more, fails to indicate operational control.  *See LeJeune v. Shell Oil Co.*, 950 F.2d 267, 270 (5th Cir. 1989)(citing *Landry v. Huthnance Drilling Co.*, 889 F.2d 1469, 1471 (5th Cir. 1989))(operational control requires "a retention of right or supervision that the contractor is not entirely free to do the work in his own way").  McCarroll argues that questions of fact exist as to whether BP retained operational control over GIS's acts, but does not offer any facts to support that contention.[12]  Further, McCarroll fails to establish that BP expressly or impliedly authorized any acts on the day of the accident.  McCarroll testified that he received orders from

---

[10]    R. Doc. 17, Def.'s Ex. A, at ¶ 7.01.

[11]    *Id.* at ¶ 7.02.

[12]    R. Doc. 22 at 3.

GIS.[13]   Indeed, McCarroll's brother testified, and plaintiff's counsel conceded at oral argument, that there were no BP representatives on the deck on the day of the accident.[14] Accordingly, the Court finds that BP did not retain operational control over GIS's activities, nor did BP expressly or impliedly authorize those activities.  Summary judgment on this issue is therefore appropriate.  *See Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 564-65 (5th Cir. 2003)(summary judgment is proper when principal retained no operational control over independent contractors); *Coulter v. Texaco, Inc.*, 117 F.3d 909, 912 (5th Cir. 1997)("absent an express or implied order to the contractor to engage in an unsafe work practice leading to an injury, a principal ... cannot be liable under the operational control exception").

**B.   Custodial Liability**

McCarroll also asserts that BP is liable under a theory of custodial liability under Louisiana Civil Code Article 2317, *et seq.*, which imposes liability for damage "caused by the act of persons for whom we are answerable, or of the things which we have in our custody."  La. Civ. Code art. 2317.  In 1996, the

---

[13]    R. Doc. 17, Def.'s Ex. B, at 2.

[14]    R. Doc. 41, Def.'s Ex. A, at 26; Def.'s Ex. A, Part II, at 34-36.

Louisiana legislature adopted Article 2317.1, which eliminated Article 2317's imposition of strict liability and provides that "the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage."[15]  La. Civ. Code art. 2317.1; *see also Coulter v. Texaco, Inc.*, 117 F.3d 909, 913 n.8 (5th Cir. 1997)(recognizing the change in the law); *Hughes v. Pogo Producing Co.*, No. 06-1894, 2009 WL 367513, at *7 n.4 (W.D. La. Feb. 12, 2009)(Louisiana courts construe the requirement of actual or constructive knowledge to have eliminated most instances of strict liability).  In order to prevail on a custodial liability claim, a plaintiff must demonstrate: "(1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect."  *Cormier v. Dolgencorp, Inc.*, 136 Fed.

---

[15]     Although the parties both analyze the custodial liability claim under a strict liability theory, the events that give rise to this claim all occurred after the Louisiana legislature adopted the negligence standard.  Accordingly, the Court will analyze the claims under the negligence standard.  *See Girard v. Brandt Energy Envtl.*, No. 06-1884, 2008 WL 2127908, at *4 n.5 (May 19, 2008)(analyzing claim under negligence standard when the parties briefed claim under strict liability).

Appx. 627, 627-28 (5th Cir. 2005)(citing La. Civ. Code arts. 2317; 2317.1).  Thus, "the mere showing that a defect existed which caused injury will be insufficient to carry the burden of proof." *Girard v. Brandt Energy Envtl.*, No. 06-1884, 2008 WL 2127908, at *4 n.5 (W.D. La. May 19, 2008)(citing *Weber v. Alton Ocshner Med. Found. Hosp.*, 759 So.2d 146, 149 (La. App. 2000)).

Here, BP argues that McCarroll slipped on rainwater, which does not constitute a vice or defect.[16]  McCarroll submits Dylan McCarroll's affidavit and statement, which contend that McCarroll slipped on an oil slick.[17]  The Court need not resolve this dispute because in either case, there is no evidence that BP had actual or constructive knowledge of an unreasonably dangerous condition on the premises.

McCarroll conceded that there were no BP employees on the deck on the day of the accident.  He did not present any other evidence that BP had either actual or constructive knowledge of the defect.  *See Cormier*, 136 Fed. Appx. at 628 (plaintiff failed to demonstrate that owner had actual or constructive knowledge when plaintiff "produced no documentation of previous accidents, nor did she introduce any affidavit or deposition testimony of

---

[16]   R. Doc. 17-1 at 11.

[17]   R. Doc. 22, Pla.'s Ex. A, at 2-3.

store employees that they knew a defect existed, nor did she acquire any other evidence that may have demonstrated actual or constructive knowledge"). In addition, the failure to demonstrate that BP supervised or controlled operations, or expressly or impliedly authorized negligent actions, causes any claim of actual or constructive knowledge on the part of BP to fail. *See Dennis v. Bud's Boat Rental, Inc.*, 987 F. Supp. 948, 952 (E.D. La. 1997)(without supervision, control, or evidence that owner played a role in plaintiff's accident, plaintiff could not demonstrate that owner knew or should have known about defect). Because McCarroll cannot demonstrate actual or constructive knowledge of a defect on the premises, his claim for custodial liability fails.

**IV.   CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 6th day of October, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

11